**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **EDWARD MAJORS,**           )<br>                              )<br>         **Plaintiff,**           )<br>                              )<br>**v.**                          )<br>                              )     **Case No. 16-2608**<br>**UNITED STATES OF AMERICA and** )<br>**MARK WISNER, P.A.**           )<br>                              )<br>         **Defendants.**       )<br>_____) | |

## **MEMORANDUM AND ORDER**

Plaintiff Edward Majors brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, alleging that Wisner subjected him to an unnecessary and/or improper examination of his genitals. This matter is before the court on defendant United States's Motion to Dismiss. (Doc. 4.) Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

### **I.     Factual Background**

Plaintiff is a disabled veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated plaintiff and provided medical care for plaintiff's back injury in April 2014. Wisner was a physician's assistant ("PA") for the VA, but was referred to as "Dr. Wisner."

In Count I, plaintiff claims that Wisner practiced and prescribed medicine, including the performance of physical examinations, under the close supervision of a VA physician. Plaintiff alleges

-1-

that Wisner was negligent when he violated the standard of care by conducting an improper and/or unnecessary examination of plaintiff's genitals without gloves.  Plaintiff further claims that Wisner used his position to elicit unnecessary private information from him.  And plaintiff states that Wisner's negligent acts occurred during business hours at the VA hospital and were reasonably incidental to his employment—making defendant vicariously liable for his acts.

Plaintiff brings claims of negligent supervision, retention, and hiring against defendant in Count II.  Plaintiff alleges that defendant—via the VA—violated its duty to exercise reasonable care when it employed, supervised, and retained Wisner.  He states that defendant knew or should have known that Wisner was unable to provide competent medical care to plaintiff and that Wisner victimized and was dangerous to other patients.  Plaintiff also claims that defendant possessed reason to believe that employment of Wisner would result in undue risk of harm to plaintiff and other patients.

**II.     Legal Standards**

**A.     Rule 12(b)(1)**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim.  Plaintiff claims that subject matter jurisdiction exists and has the burden of establishing it.  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).  Because federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.  *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).

Motions for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's jurisdictional allegations; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.  *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).  For a facial challenge, the court accepts the plaintiff's factual allegations regarding

jurisdiction as true. *Id.* at 1002. But for a factual attack, the court does not presume that the plaintiff's allegations are true. *Id.* at 1003. Rather, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*

### B. Rule 12(b)(6)

To the extent this court has subject matter jurisdiction, the court must determine whether plaintiff's action is subject to dismissal because it fails to state a claim upon which relief could be granted. The court grants a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible—not merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### III. Discussion

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or

omission occurred." 28 U.S.C. § 1346(b).  An action under the FTCA is the exclusive remedy for a plaintiff claiming personal injuries arising out of the negligent conduct of a federal employee, 28 U.S.C. § 2679(b)(1), and federal courts have exclusive jurisdiction over such actions, 28 U.S.C. § 1346(b)(1).

**A.   Count I**

*1.   Scope of Employment*

Defendant characterizes Wisner's conduct as "sexual misconduct."   Applying this characterization, defendant argues that the court lacks jurisdiction because Wisner's conduct was not within the scope of his employment.  Sexual battery and/or inappropriate touching are not within the duties that a PA is hired to perform, defendant argues, and did not further the VA's business.

Under the FTCA, the United States is liable only for tortious acts committed by employees "acting within the scope of [their] office or employment." 28 U.S.C. § 1346(b)(1).  "Scope of employment" is determined by the law of the place where the accident occurred.  *Fowler v. United States*, 647 F.3d 1232, 1237 (10th Cir. 2011); *see also* 28 U.S.C. § 1346(b)(1).  In Kansas, an employee acts within the scope of his employment when (1) he performs services for which he has been employed, or (2) he does anything reasonably incidental to his employment. *O'Shea v. Welch*, 350 F.3d 1101, 1103 (10th Cir. 2003) (citing Pattern Instructions Kansas 3d 107.06; *Williams v. Cmty. Drive-In Theater, Inc.*, 520 P.2d 1296, 1301–02 (Kan. 1974)).  The test is not whether the employer expressly authorized or forbid the conduct.  *Id.*  Instead, the court asks whether the employer should have fairly foreseen the conduct from the nature of the employment and the duties relating to it.  *Id.*; *see also Commerce Bank of St. Joseph, N.A. v. State*, 833 P.2d 996, 999 (Kan. 1992).

Plaintiff claims that scope of employment is a factual determination.  Generally, this is correct, but the court may resolve this question as a matter of law when only one reasonable conclusion can be

-4-

drawn from the evidence.  *See Wayman v. Accor N. Am., Inc.*, 251 P.3d 640, 646 (Kan. Ct. App. 2011) (citing *O'Shea*, 350 F.3d 1101).

### a. Slight Deviation Analysis

Plaintiff claims that Wisner's conduct was within the scope of his employment because it was a "slight deviation" from his duties.  In *O'Shea v. Welch*, the Tenth Circuit reviewed the Kansas jury instruction on scope of employment, and determined that it is compatible with the slight deviation analysis.  *O'Shea*, 350 F.3d at 1106.  "Application of the slight deviation analysis allows for more flexibility and accuracy in the application of the law to each fact scenario.  The Kansas pattern jury instruction[] . . . does not express a bright-line rule but instead illustrates a type of slight deviation rule which requires a determination of what is reasonably incidental to employment and what conduct should have been fairly foreseen."  *Id.*

Under the slight deviation analysis, an employee could pursue dual purpose ventures without the conduct amounting to an entire departure from the scope of employment.  *Id.* at 1107.  "An employee does not cease to be acting within the course of his employment because of an incidental personal act, or by slight deflections for a personal or private purpose, if his main purpose is still to carry on the business of his employer.  Such deviations which do not amount to a turning aside completely from the employer's business, so as to be inconsistent with its pursuit, are often reasonably expected and the employer's assent may be fairly assumed."  *Id.*

The court reviews the following factors to determine whether an employee has engaged in a slight or substantial deviation: (1) the employee's intent; (2) the nature, time, and place of the deviation; (3) the time consumed in the deviation; (4) the work for which the employee was hired; (5) the incidental acts reasonably expected by the employer; and (6) the freedom allowed the employee in

performing his job responsibilities. *Id.* at 1108 (citing *Felix v. Asai*, 192 Cal. App. 3d 926, 237 Cal. Rptr. 718, 722 (1987)).

### b.  Wisner's Conduct

Arguably, Wisner was furthering the VA's interests in treating and examining plaintiff, even though it may have included an improper physical examination of plaintiff's genitalia. Some of Wisner's duties included performing physical examinations on patients. There is no dispute that performing an improper or unnecessary examination without gloves—to the extent that Wisner gained personal satisfaction from this examination—was a deviation from his duties. But it is plausible that this deviation was not an entire departure from the scope of Wisner's employment and was within the parameters of the duties he was hired to perform. At this time, the court cannot resolve this question as a matter of law. The improper examination occurred during an appointment when plaintiff sought medical treatment for fibromyalgia and back injuries from the VA. And plaintiff does not allege that the examination occurred after business hours or outside of the VA's building.

Moreover, full physical examinations (including examination of the VA patients' genitalia) are not necessarily unexpected. The failure to wear gloves and/or an unnecessary examination might be improper, but this conduct in general is not unforeseeable or unexpected of a PA hired to treat VA patents. Likewise, obtaining personal information from a patient for diagnosis and treatment is expected and often necessary for effective treatment. While Wisner's conduct may have been unprofessional or forbidden, that is not the test. *See O'Shea*, 350 F.3d at 1103.

### c.  VA Immunity Statute for Intentional Torts

Defendant argues that 28 U.S.C. § 2680(h) bars plaintiff's claims because the FTCA does not apply to claims arising out of a battery. The FTCA exempts from the waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution,

-6-

abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).  Under the FTCA's general provisions, the United States remains immune for claims arising out of these enumerated intentional torts.  *See id.*

Another exception may apply in the instant case, however: the VA Immunity Statute.  This law allows for a remedy against the United States under the FTCA for damages arising from the provision of medical services by health care employees of the VA under 38 U.S.C. § 7316(a)(1), (f).  *Ingram v. Faruque*, 728 F.3d 1239, 1245–46 (10th Cir. 2013) (citation omitted) ("'[Section] 2680(h) does not bar application of the FTCA to [intentional] tort claims arising out of the conduct of VA medical personnel within the scope of' 38 U.S.C. § 7316(f).").  Defendant argues again that this exception does not apply because (1) Wisner was not acting within the scope of his employment when he sexually battered plaintiff; (2) Wisner's unnecessary or improper touching was not related or incidental to plaintiff's medical treatment; and (3) plaintiff characterized the conduct as intentional sexual assault or molestation.

For the reasons previously set forth, defendant's arguments fail at this stage of the litigation.  Plaintiff has presented a plausible claim that the VA Immunity Statute applies.

### B.     Count II

The court resolves questions of liability under the FTCA in accordance with the law of the state where the alleged tortious activity took place.  *Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993).  Kansas recognizes that negligent hiring and retention or supervision are separate and distinct torts from respondeat superior.  *Miller v. Dillard's Inc.*, 47 F. Supp. 2d 1294, 1299 (D. Kan. 1999) (citing *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1223 (Kan. 1998)).  Liability for negligent hiring, retention, and/or supervision is not predicated on a theory of vicarious liability, but

-7-

instead, liability runs directly from the employer to the person injured.  *Beam v. Concord Hosp., Inc.*, 873 F. Supp. 491, 503 (D. Kan. 1994).

"Negligent supervision includes not only the duty to supervise but also includes the duty to control persons with whom the defendant has a special relationship including the defendant's employees or persons with dangerous propensities."  *Marquis*, 961 P.2d at 1223.  To subject an employer to liability on a negligent supervision claim,

> plaintiff must show "some causal relationship between the dangerous propensity or quality of the employee, of which the employer has or should have knowledge, and the injuries suffered by the third person; the employer must, by virtue of knowledge of [its] employee's particular quality or propensity, have reason to believe that an undue risk of harm exists to others as a result of the continued employment of that employee; and the harm which results must be within the risk created by the known propensity . . . ."

*Kan. State Bank & Trust Co. v. Specialized Transp., Servs., Inc.*, 819 P.2d 587, 596 (Kan. 1991) (quoting *Hollinger v. Stormont Hosp. & Training Sch. for Nurses*, 578 P.2d 1121 (Kan. Ct. App. 1978)).

Kansas recognizes a cause of action for negligent hiring, which is separate and distinct from the tort of negligent supervision.  *Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1245 (D. Kan. 2003).  "The employer is negligent in hiring or retaining such an employee when the employer knew or should have known of the employee's incompetence or unfitness."  *Id.* (quoting *Prugue v. Monley*, 28 P.3d 1046, 1049 (Kan. Ct. App. 2001)).

Plaintiff alleges that the VA knew or should have known that Wisner was dangerous and further that he had a propensity to commit inappropriate acts against plaintiff and other VA patients.  Wisner was an employee of the VA and the VA was responsible for supervising him.  Defendant, however, argues that the discretionary function exception applies to bar the court's jurisdiction over plaintiff's negligent supervision and hiring and retention claims.

        ***1.     Law: The Discretionary Function Exception***

The discretionary function exception limits the FTCA's waiver of sovereign immunity when the governmental conduct at issue involves an element of judgment or choice. *See* 28 U.S.C. § 2680(a); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1130 (10th Cir. 1999). "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Franklin Sav. Corp.*, 180 F.3d at 1130 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). If the employee has no rightful option but to adhere to the directive, then sovereign immunity is waived and the court has jurisdiction to consider the case. *Id.*

If a jurisdictional question is intertwined with the merits of the case, the court converts a Rule 12(b)(1) motion to one under Rule 12(b)(6) or Rule 56. *See Franklin Sav. Corp.*, 180 F.3d at 1129–30. Whether the discretionary function exception applies is such a question. *Id.*

To state a claim for relief under Rule 12(b)(6), plaintiff must allege facts that place his FTCA claim facially outside the discretionary function exception. *Id.* at 1130. The court performs a two-pronged analysis in determining whether defendant's conduct falls within the exception. *Id.* First, the court decides whether the governmental conduct "is a matter of choice for the acting employee," because without an element of judgment or choice, conduct cannot be discretionary. *Id.* Second, if the conduct does involve judgment or choice, the court determines "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* Congress's intent in maintaining governmental immunity for discretionary functions was to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* (quoting *Berkovitz* at 536–37).

### 2. *Application: The Discretionary Function Exception*

Plaintiff alleges that defendant failed to provide adequate oversight and review of Wisner's performance of his job duties. He also claims that defendant failed to adequately supervise and control Wisner, given his known propensities toward harming VA patients. To overcome the discretionary function exception, however, plaintiff must show that the federal employee's discretion was limited by a federal statute, regulation, or policy. *Sydnes v. United States*, 523 F.3d 1179, 1184 (10th Cir. 2008).

In his complaint, plaintiff did not cite any federal statute, regulation, or policy prescribing his cause of action. But in plaintiff's response, he cites VHA Directive 1063 as the applicable policy and guidelines for physician assistants employed by the VA. Appendix A of VHA Directive 1063 notes that review and oversight for a PA will be conducted by the collaborating physician or chief of service, and changes of the PA's scope of practice will be made upon recommendations from the supervising physician or the chief of service. (Doc. 6-2, at 11–12.)

The court may consider plaintiff's response when evaluating whether the discretionary function exception applies. *See Sobel v. United States*, 571 F. Supp. 2d 1222, 1228 (D. Kan. 2008) ("A motion to dismiss pursuant to Rule 12(b)(1) allows the court to rely on evidence outside the pleadings without converting the motion to a motion for summary judgment."). In so doing, the court need not convert the motion to one for summary judgment. *See Dobson v. Anderson*, No. 08–7018, 319 F. App'x 698, 702, 2008 WL 4787398, at *2 (10th Cir. Nov. 4, 2008).

a. Negligent Supervision

VHA Directive 1063 mandates specific supervisory actions by Wisner's supervising physician. At a minimum, VHA Directive 1063 required Wisner's supervising physician to be in weekly contact to discuss clinical management issues and review five randomly selected patient encounter notes each quarter. Plaintiff alleges that this was not done. At this stage of the litigation, plaintiff has sufficiently

-10-

placed his negligent supervision claim outside the discretionary function exception. The court retains jurisdiction over plaintiff's negligent supervision claim.

### b. Negligent Hiring and Retention

Defendant claims VHA Directive 1063 does not relate in any way to the VA's hiring, retention, or firing of PAs. VHA Directive 1063 provides that the Chief of Staff is responsible for ensuring that reviews are conducted of PAs' clinical activities and action is taken to correct any discovered deficiencies. (Doc. 6-2, at 13.) But the VA has discretion in how to perform these reviews and what action is appropriate. There is nothing in VHA Directive 1063 that prohibits the VA from hiring or retaining a PA.

Even though plaintiff fails under *Berkovitz's* first prong, he may still overcome the discretionary function exception by demonstrating that the nature of the actions taken does not implicate public policy concerns, or is not susceptible to policy analysis. *See Sydnes*, 523 F.3d at 1185. With respect to the second prong of *Berkovitz*, the court considers whether the judgment exercised by the government official is of the kind that the discretionary function exception was designed to shield. 486 U.S at 536. Decisions regarding employment and termination are precisely the types of administrative actions the discretionary function exception seeks to shield. *Sydnes*, 523 F.3d at 1185–86 (10th Cir. 2008) ("[E]mployment and termination decisions are, as a class, the kind of matters requiring consideration of a wide range of policy factors, including 'budgetary constraints, public perception, economic conditions, individual backgrounds, office diversity, experience, and employer intuition.'") (citation omitted). Under the guidance of *Berkovitz*, therefore, the discretionary function exception to the waiver of sovereign immunity applies to plaintiff's negligent hiring and retention claim presented in Count II. The court lacks jurisdiction over this portion of Count II.

**IV.    Conclusion**

The court denies defendant's motion with respect to Counts I and II, with one exception: the court lacks jurisdiction over plaintiff's negligent hiring and retention claim.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 4) is denied as to Count I and negligent supervision claim presented in Count II.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is granted as to plaintiff's negligent hiring and retention claim presented in Count II.

**IT IS FURTHER ORDERED** that plaintiff has voluntarily abandoned Count III, and that claim is no longer a part of this case.

Dated this 24th day of February, 2017, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**